UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| OCELTIP AVIATION 1 PTY LTD, ) | |
| ) | |
| Plaintiff, ) | Case No. **CV 416 - 177** |
| ) | |
| v. ) | |
| ) | |
| GULFSTREAM AEROSPACE ) | |
| CORPORATION ) | NOTICE OF REMOVAL |
| ) | |
| Defendant. ) | |
| _____ ) | |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

PLEASE TAKE NOTICE that Defendant GULFSTREAM AEROSPACE CORPORATION ("Gulfstream"), by and through its attorneys, Hunter, Maclean, Exley & Dunn, P.C. and Jenner & Block, LLP, pursuant to 9 U.S.C. § 205 and 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the Superior Court of Chatham County, Georgia to the United States District Court for the Southern District of Georgia on the following grounds:

1. On or about June 14, 2016, an action was commenced in the Superior Court of Chatham County, Georgia, entitled *Oceltip Aviation 1 Pty Ltd v. Gulfstream Aerospace Corporation*, Case NO. CV16-0557-BA (the "State Court Action").

2. Gulfstream was served with a Summons and Plaintiff Oceltip Aviation 1 Pty Ltd's ("Oceltip's") Application to Vacate Final Arbitration Award ("Application to Vacate") on June 14, 2016. Copies of the Summons and the Application to Vacate are annexed hereto as Exhibit A.

3. This Notice of Removal is timely pursuant to 9 U.S.C. § 205, which provides that "Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, *at any time before the trial thereof*, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action is proceeding or pending." (emphasis added) Moreover, this Notice of Removal is also timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of service of the Summons and Application to Vacate.

4. This is an action to vacate an arbitration award that is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") and its implementing legislation, Chapter 2 of the Federal Arbitration Act (FAA), U.S.C. §§ 201-08.

5. Controlling Eleventh Circuit precedent holds that the New York Convention governs awards such as the one at issue in the State Court Action. Specifically, "an arbitral award made in the United States, under American law, falls within the purview of the New York Convention—and thus is governed by Chapter 2 of the FAA—when one of the parties to the arbitration is domiciled or has its principal place of business outside of the United States." *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1440-41 (11th Cir. 1998).

6. The Memorandum in Support of Application to Vacate Final Award filed by Oceltip in the State Court Action states that "Oceltip is an Australian-based company organized under the laws of Australia." (Exhibit A at 12.) As such, Oceltip is domiciled and has its

2

principal place of business outside of the United States and the New York Convention and Chapter 2 of the FAA control the arbitration that is the subject of the State Court Action.

7. Chapter 2 of the FAA provides that "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy. 9 U.S.C. § 203.

8. Thus, under both 9 U.S.C. § 205 (cited above) and 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," the U.S. District Court for the Southern District of Georgia has jurisdiction over the State Court Action and removal is proper. 9 U.S.C. § 205; 28 U.S.C. § 1441(a).

9. The Summons and Application to Vacate are the only pleadings or other papers served upon Gulfstream in the State Court Action.

10. A copy of this notice will be filed with the Clerk of the Superior Court of Chatham County, Georgia, as required by 28 U.S.C. § 1446(d).

11. Gulfstream will give written notice of the filing of this notice to Oceltip as required by 28 U.S.C. § 1446(d).

12. WHEREFORE, Gulfstream respectfully requests removal of this action from the Superior Court of Chatham County, Georgia to the United States District Court for the Southern District of Georgia.

Respectfully submitted this 29th day of June, 2016

          s/Shawn A. Kachmar
          SHAWN A. KACHMAR
          Georgia Bar No. 405723
          *Attorneys for Plaintiffs*
          Hunter, Maclean, Exley & Dunn, P.C.
          P.O. Box 9848
          200 East Saint Julian Street
          Savannah, Georgia 31412-0048
          Telephone:  (912) 236-0261
          Fax:  (912) 236-4936
          E-Mail:  skachmar@huntermaclean.com

-- and --

Michael A. Doornweerd (admitted *pro hac vice*)
Illinois Bar No. 6236979
Wade A. Thomson (admitted *pro hac vice*)
Illinois Bar No. 6282174
Kathleen W. Gibbons (admitted *pro hac vice*)
Illinois Bar No. 6306012
*Attorneys for Plaintiffs*
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
Telephone:  (312) 923-2631
Fax:  (312) 527-0484
E-Mail:  mdoornweerd@jenner.com
E-Mail:  wthomson@jenner.com
E-Mail:  kgibbons@jenner.com