IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| OCELTIP AVIATION 1 PTY LTD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CV 416-177** |
| v. ) | |
| ) | Civil Action No. CV16-0557-BA |
| GULFSTREAM AEROSPACE ) | |
| CORPORATION ) | |
| ) | |
| Defendant. ) | |
| ) | |

## GULFSTREAM AEROSPACE CORPORATION'S RESPONSE TO OCELTIP 1 PTY LTD'S APPLICATION TO VACATE FINAL ARBITRATION AWARD

Gulfstream Aerospace Corporation ("Gulfstream"), by and through its attorneys, Hunter, Maclean, Exley & Dunn, P.C., respectfully requests that this Court deny Oceltip Aviation 1 Pty Ltd's ("Oceltip's") Application to Vacate Final Arbitration Award and instead, should this Court continue to hold jurisdiction over this matter, confirm the Final Arbitration Award issued by an International Arbitration Tribunal appointed by the International Centre for Dispute Resolution ("ICDR") dated March 15, 2016 in ICDR Case No. 01-14-0001-3711 in favor of Gulfstream and against Oceltip pursuant to 9 U.S.C. § 207 and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") on the following grounds:

1. On May 31, 2016, Gulfstream filed its Application to Confirm Final Award in the U.S. District Court for the Southern District of Georgia (the "Federal Court Action").

2. Two weeks later, Oceltip initiated the instant action in the Superior Court of Chatham County, Georgia by filings its Application to Vacate Final Arbitration Award (the "State Court Action").

3. Gulfstream has filed a Notice of Removal of the State Court Action in the U.S. District Court for the Southern District of Georgia and has provided a copy of the same to this Court. In case this matter is remanded in the future, Gulfstream also provides this Response to Oceltip's Application to Vacate the Final Award. Gulfstream reserves the right to supplement this response following any order remanding this matter.

4. The Final Award at issue in this matter was rendered in an international arbitration between Oceltip, a foreign entity, and Gulfstream, a domestic corporation. As a result, this matter is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") and its implementing legislation, Chapter 2 of the Federal Arbitration Act (FAA), U.S.C. §§ 201-08.

5. Specifically, Eleventh Circuit precedent holds that "an arbitral award made in the United States, under American law, falls within the purview of the New York Convention—and thus is governed by Chapter 2 of the FAA—when one of the parties to the arbitration is domiciled or has its principal place of business outside of the United States." *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1440-41 (11th Cir. 1998).

6. Here, as Oceltip acknowledged in its Memorandum in Support of Application to Vacate Final Award, "Oceltip is an Australian-based company organized under the laws of Australia." (Oceltip Memorandum in Support of Application to Vacate Final Award at 6.) As such, Oceltip is domiciled and has its principal place of business outside of the United States and the New York Convention and Chapter 2 of the FAA control the arbitration and enforcement (or

2

vacatur) of the Final Award. The law is clear that "[t]he New York Convention is incorporated into federal law by the FAA, which governs the enforcement of arbitration agreements and of arbitral awards made pursuant to such agreements, in federal *and state courts*." *Industrial Risk Insurers*, 141 F.3d at 1440. Thus, even if this case were remanded to this Court, the New York convention would still govern any request to confirm or vacate the award.

7. In its Memorandum in Support of Application to Vacate Final Award, Oceltip does not seek that the Final Award be vacated based on any of the New York Convention's enumerated defenses. Rather, Oceltip ignores the controlling law altogether and requests that the Final Award be vacated on one of the grounds set forth in the Georgia Arbitration Code, specifically "[t]he arbitrator's manifests disregard of the law." (Memorandum at p. 12 (citing Ga. Code Ann. § 9-9-13).)

8. However, Chapter 2 of the FAA provides that if a party to an arbitral award under the New York Convention applies to a court for an order confirming the award, "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said [New York] Convention." 9 U.S.C. § 207. In interpreting section 207, the Eleventh Circuit held that the New York Convention "itself provides that 'enforcement of [an] award may be refused, at the request of the party against whom it is invoked, *only if* that party furnishes . . . proof that' one of the enumerated defenses is applicable. In short, the Convention's enumeration of defenses is exclusive." *Industrial Risk Insurers*, 141 F.3d at 1446 (alterations and emphasis in original). The same applies to an application to vacate an award: "the grounds for relief enumerated in Article V of the Convention are the only grounds available for setting aside an arbitral award." *Id.* (quoting *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 20 (2d Cir. 1997)).

3

9. Manifest disregard of the law is not a defense to confirmation of an arbitral award allowed by the New York Convention. *See* Convention on the Recognition and Enforcement of Foreign Arbitral Awards at Art. V (listing the defenses to confirmation or enforcement of an award allowed by the Convention).

10. The Eleventh Circuit further stated that "[w]e therefore hold that no defense against enforcement of an international arbitral award under Chapter 2 of the FAA is available on the ground that the award is 'arbitrary and capricious,' *or on any other grounds not specified by the Convention.*" *Industrial Risk Insurers*, 141 F.3d at 1446.

11. Therefore, under the New York Convention and Chapter 2 of the FAA, Oceltip's Application to Vacate Final Arbitration Award is meritless and should be dismissed. Instead, this Court should confirm the Final Award on the grounds that none of the defenses to confirmation set forth in the New York Convention apply.

12. Even if Georgia state law governed the Final Award and Oceltip could move for vacatur on the grounds of manifest disregard of the law, Oceltip has not met the standard for demonstrating manifest disregard by the ICDR Tribunal and its Application should still be denied.

13. WHEREFORE, Gulfstream respectfully requests that this Court deny Oceltip's Application to Vacate Final Award be denied and instead, confirm the Final Award in favor of Gulfstream.

Respectfully submitted this 29th day of June, 2016

*/s/ Shawn A. Kachmar*

Shawn A. Kachmar
Georgia Bar No. 405723
*Attorneys for Plaintiffs*
Hunter, Maclean, Exley & Dunn, P.C.
P.O. Box 9848
200 East Saint Julian Street
Savannah, Georgia 31412-0048
Telephone: (912) 236-0261
Fax: (912) 236-4936
E-Mail: skachmar@huntermaclean.com

– and –

Michael A. Doornweerd (admitted *pro hac vice*)
Illinois Bar No. 6236979
Wade A. Thomson (admitted *pro hac vice*)
Illinois Bar No. 6282174
Kathleen W. Gibbons (admitted *pro hac vice*)
Illinois Bar No. 6306012
*Attorneys for Plaintiffs*
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 923-2631
Fax: (312) 527-0484
E-Mail: mdoornweerd@jenner.com
E-Mail: wthomson@jenner.com
E-Mail: kgibbons@jenner.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed to the following:

W. Andrew Bowen
Bowen Painter
P. O .Box 8966
Savannah GA  31412

This 29th day of June, 2016.

                                HUNTER, MACLEAN, EXLEY & DUNN, P.C.

                                Shawn A. Kachmar
                                Georgia Bar No. 405723
                                Attorney for Defendant

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261

3