UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GULFSTREAM AEROSPACE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>OCELTIP AVIATION 1 PTY LTD<br><br>Defendant. | Case No. 4:16-CV-00127-WTM-GRS |
| OCELTIP AVIATION 1 PTY LTD,<br><br>Plaintiff,<br><br>v.<br><br>GULFSTREAM AEROSPACE CORPORATION,<br><br>Defendant. | Case No. 4:16-CV-00177-WTM-GRS |

**GULFSTREAM'S MOTION FOR CONSOLIDATION OF CIVIL ACTION NO. 4:16-CV-00177-WTM-GRS WITH AND INTO CIVIL ACTION NO. 4:16-CV-00127-WTM-GRS AND FOR A RULE 16 PRETRIAL CONFERENCE**

Gulfstream Aerospace Corporation ("Gulfstream"), respectfully moves this Court pursuant to Federal Rule of Civil Procedure 42, to consolidate *Oceltip Aviation 1 Pty Ltd v. Gulfstream Aerospace Corporation*, 4:16-cv-00177-WTM-GRS, filed on June 14, 2016 and removed to this Court on June 29, 2016, with and into *Gulfstream Aerospace Corporation v. Oceltip Aviation 1 Pty Ltd*, 4:16-CV-00127-WTM-GRS, filed on May 31, 2016.

These cases should be consolidated on the grounds that they involve the same parties, relate to the same arbitration award, and present the same question of law regarding the arbitration award. As a result, consolidation will serve the interests of efficiency and sound judicial administration, as well as prevent inconsistent judgments.

Consolidation should be granted for the reasons set forth below.

## PARTIES

1. Gulfstream is a Georgia corporation with its principal place of business in Savannah, Georgia.

2. Oceltip Aviation 1 Pty Ltd ("Oceltip") is an Australian limited liability company.

3. Gulfstream and Oceltip are the only parties to the two cases for which consolidation is requested.

4. Gulfstream and Oceltip are also the only parties to the international arbitration giving rise to the Final Award at issue in both cases.

## PROCEDURAL HISTORY

5. On March 15, 2016, the Tribunal appointed by the International Centre for Dispute Resolution ("ICDR") section of the American Arbitration Association ("AAA") issued its Final Award in ICDR Case No. 01-14-0001-3711, finding in favor of Gulfstream and ordering Oceltip to pay a total net amount of $1,093,410.31 within 30 days. Oceltip failed to comply with the Final Award.

6. On May 31, 2016, Gulfstream filed an Application to Confirm the Final Award in this Court. (Case No. 4:16-CV-00127-WTM-GRS, Dkt. # 1.) On June 8, 2016, the Magistrate Judge granted Gulfstream's Motion for Leave to File Redacted Copy of Final Award. (Case No. 4:16-CV-00127-WTM-GRS, Dkt. # 5.)

7. Two weeks later, in an apparent attempt to avoid the jurisdiction of this Court, Oceltip filed its Application to Vacate Final Award in the Superior Court of Chatham County, Georgia on June 14, 2016 (the "State Court Action").

8. On the same day, Oceltip filed with this Court in Case No. 4:16-CV-00127-WTM-GRS a Motion to Stay Gulfstream Application to Confirm Arbitration Award.

9. On June 29, 2016, Gulfstream filed a Notice of Removal of the State Court Action under 9 U.S.C. § 203, which gives original jurisdiction to the district courts of the United States over any "action or proceeding falling under" the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") and 9 U.S.C. § 205, which grants defendants to actions filed in State courts "[w]here the subject matter . . . relates to an arbitration agreement or award falling under the [New York] Convention" the right to "remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." (Case No. 4:16-CV-00177-WTM-GRS, Dkt. # 1.)

10. As set forth in more detail in Gulfstream's Notice of Removal, the single Final Award at issue in both *Gulfstream Aerospace Corporation v. Oceltip Aviation 1 Pty Ltd* and *Oceltip Aviation 1 Pty Ltd v. Gulfstream Aerospace Corporation* falls under the New York Convention and, as a result, Gulfstream has an absolute right to remove the State Court Action to this District Court. *See* 9 U.S.C. §§ 203 and 205; *see also Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1440-41 (11th Cir. 1998) ("[A]n arbitral award made in the United States, under American law, falls within the purview of the New York Convention—and thus is governed by Chapter 2 of the FAA—when one of the parties to the arbitration is domiciled or has its principal place of business outside of the United States.").

3

## ARGUMENT

### The Two Cases Should Be Consolidated.

11.     Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions." F.R.C.P. 42(a)(2).

12.     Following Gulfstream's removal of the State Court Action, the interests of efficiency and sound judicial administration require that *Oceltip Aviation 1 Pty Ltd v. Gulfstream Aerospace Corporation* be consolidated with and into *Gulfstream Aerospace Corporation v. Oceltip Aviation 1 Pty Ltd*. The two cases involve identical parties, facts, and law. Specifically, both cases address the validity of the same Final Award.

13.     As set forth in Gulfstream's Notice of Removal, the Final Award is governed by the New York Convention. (Case No. 4:16-CV-00177-WTM-GRS, Dkt. # 1 at 2.) Chapter 2 of the Federal Arbitration Act provides that if a party to an arbitral award under the New York Convention applies to a court for an order confirming the award, "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said [New York] Convention." 9 U.S.C. § 207. In interpreting section 207, the Eleventh Circuit held that the New York Convention "itself provides that 'enforcement of [an] award may be refused, at the request of the party against whom it is invoked, *only if* that party furnishes . . . proof that' one of the enumerated defenses is applicable. In short, the Convention's enumeration of defenses is exclusive." *Industrial Risk Insurers*, 141 F.3d at 1446 (alterations and emphasis in original).

4

14. Thus, the defenses to enforcement listed in the New York Convention provide the only grounds on which a court can vacate or refuse to confirm the Final Award. Unless one of the New York Convention defenses apply, the Final Award must be confirmed.

15. Therefore, the legal analysis involved in Gulfstream's Application to Confirm the Final Award and Oceltip's Application to Vacate the Final Award are the same. It would be incredibly inefficient to require two sets of briefing on these issues or to have two separate judges reviewing the cases and deciding the issues. Further, failure to consolidate the two cases would create the risk of inconsistent decisions.

16. Given that the cases should be consolidated, it makes sense to do so by consolidating *Oceltip Aviation 1 Pty Ltd v. Gulfstream Aerospace Corporation* into and with *Gulfstream Aerospace Corporation v. Oceltip Aviation 1 Pty Ltd*. Gulfstream's Application to Confirm was first-filed by a full two weeks and was, moreover, filed in the proper venue, unlike Oceltip's Application to Vacate. Moreover, the Magistrate Judge has already ruled on Gulfstream's Motion for Leave to File Redacted Copy of Final Award.

**This Court Should Set A Rule 16 Status Conference.**

17. Federal Rule of Civil Procedure 16 provides that "[i]n any action, the court may order the attorneys . . . to appear for one or more pretrial conferences." Rule 16 recognizes that pretrial conferences can serve to "expedit[e] disposition of the action;" "establish[] early and continuing control so that the case will not be protracted because of lack of management;" and "discourag[e] wasteful pretrial activities." F.R.C.P. 16(a)(1)-(3).

18. An application to confirm an arbitration award, particularly one governed by the New York Convention, is a straightforward process involving only very limited judicial review. *See Hall Street Assoc. L.L.P. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008) (discussing the Federal

5

Arbitration Act as substantiating "a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway" and rejecting "[a]ny other reading [that] opens the door to the full-bore legal and evidentiary appeals that can 'rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process."

19. Having two competing applications regarding the Final Award would make these proceedings needlessly contemplated. In the interest of preserving the benefits of arbitration, the Court should set a Rule 16 pretrial conference to establish an appropriate briefing schedule.

WHEREFORE, for the reasons set forth herein, Gulfstream respectfully requests that the Court enter an order consolidating *Oceltip Aviation 1 Pty Ltd v. Gulfstream Aerospace Corporation*, 4:16-CV-00177-WTM-GRS, with *Gulfstream Aerospace Corporation v. Oceltip Aviation 1 Pty Ltd*, 4:16-CV-00127-WTM-GRS. Gulfstream further requests that this Court schedule a Rule 16 pretrial conference.

Respectfully submitted this 30th day of June, 2016

                        s/Shawn A. Kachmar
                        SHAWN A. KACHMAR
                        Georgia Bar No. 405723
                        *Attorneys for Gulfstream Aerospace Corporation*
                        Hunter, Maclean, Exley & Dunn, P.C.
                        P.O. Box 9848
                        200 East Saint Julian Street
                        Savannah, Georgia 31412-0048
                        Telephone:  (912) 236-0261
                        Fax:  (912) 236-4936
                        E-Mail:  skachmar@huntermaclean.com

                        – and –

                        Michael A. Doornweerd (admitted *pro hac vice*)
                        Illinois Bar No. 6236979
                        Wade A. Thomson (admitted *pro hac vice*)
                        Illinois Bar No. 6282174

Kathleen W. Gibbons (admitted *pro hac vice*)
Illinois Bar No. 6306012
*Attorneys for Gulfstream Aerospace Corporation*
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
Telephone:   (312) 923-2631
Fax:             (312) 527-0484
E-Mail:        mdoornweerd@jenner.com
E-Mail:        wthomson@jenner.com
E-Mail:        kgibbons@jenner.com

7

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter by using the CM/ECF system.

This 30th day of June, 2016.

                                        HUNTER, MACLEAN, EXLEY & DUNN, P.C.

                                        s/Shawn A. Kachmar
                                        Georgia Bar No. 405723
                                        Attorney for Gulfstream Aerospace Corporation

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261